UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 29 2012
Clerk, U.S. District and
Bankruptcy Courts

Clyde Lacy Rattler, )
)
      Plaintiff, )
)
v. ) Civil Action No. 12 1427
)
Department of Health )
and Human Services *et al.*, )
)
      Defendants. )

MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is a District of Columbia resident seeking a declaratory judgment and a writ of mandamus against the Department of Health and Human Services and an "unknown name employee." Compl. Caption. Although plaintiff complains initially about the alleged denial of his application submitted in 1983 for "social security benefit[s]," the complaint disintegrates into a variety of unsubstantiated claims of treason (Count II), conspiracy (Count III), breach of "an express or implied . . . contract" (Count III), theft (Count IV), "lied" (Count V), and "violation of plaintiff['s] equal protection right" (Count VI). As for the relief sought, plaintiff only "demand[s] a court order in the nature of a[] writ of mandamus compelling the human race to go naked on the sidewalk for eternity unable to move their body." Compl. at 2, 3, 4, 6, 7-8, 9.

1



3

The complaint presents the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, complaints that lack "an arguable basis in law and fact" are, too, subject to dismissal as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984); *see Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies the foregoing standard. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: August 22, 2012